IN THE UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

| | | |
|---|---|---|
| KENNETH S. BANNING, JR. | : | |
| | : | C.A. No. 08-00001 |
| v. | : | |
| | : | |
| ALIN AUGUSTIN MASCA and | : | JURY TRIAL DEMANDED |
| MAHAI DORU POP | : | |

**DEFENDANTS, ALIN AUGUSTIN MASCA and MAHAI DORU POP'S
ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, Alin Augustin Masca and Mahai Doru Pop, by and through their attorneys Rawle & Henderson answer the complaint and aver as follows:

1.  Denied. After reasonable investigation defendants are without sufficient information to admit or deny the truth of the averment contained herein.

2.  Admitted in part. It is only admitted that Alin Augustin Masca is a resident of the State of Michigan.

3.  Admitted in part and denied in part. It is admitted only that Mahai Doru Pop is a resident of the State of Michigan.

4.  Admitted in part and denied in part. It is admitted only that on the date and time a tractor trailer bearing that tag number was present and that at all material times, Alin Masca was acting in the furtherance of the business of defendant, Mahai Doru Pop. The balance of the allegations is denied because after reasonable investigation defendants are without sufficient information to admit or deny the truth of the averment contained herein.

5.  Admitted. It is admitted that on the date and location stated that Alin Masca was acting in the furtherance of the business of defendant, Mahai Doru Pop.

6. (a-e)  Denied. The allegations contained in paragraphs 6 and subparts a through e of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, defendants specifically deny

2236363-1

any and all allegations of negligence.  Strict proof of same will be required at trial.

7.  Denied.  Defendants are is without sufficient information to form a belief as to the truth of the averments contained herein and therefore same are denied.  Strict proof will be required at the time of trial.  By way of further answer, the allegations contained in paragraph 11 of the Complaint are conclusions of law to which no responsive pleading is required under the Rules of Civil Procedure. To the extent that an answer is required, defendants deny any and all negligence.

WHEREFORE, defendants, Alin Augustin Masca and Mahai Doru Pop, demand that the Complaint be dismissed, and that judgment be rendered in their favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages alleged by plaintiff, if any, were caused solely or in part by the negligence of plaintiff, or third parties over whom defendants had no responsibility.

### THIRD SEPARATE DEFENSE

If the event alleged in the Complaint occurred as alleged by plaintiff which is denied, it was in no way caused by an act or omission on the part of answering defendant.

### FOURTH SEPARATE DEFENSE

No conduct on the part of defendants contributed to plaintiff's alleged injuries and/or damages.

### FIFTH SEPARATE DEFENSE

Damages allegedly sustained by the plaintiff, if any, were entirely or substantially caused by the negligence of plaintiff, including contributory negligence, comparative negligence, assumption of the risk and/or the negligence of other parties or persons for whom defendants had no responsibility, and not by the culpable conduct or negligence of the defendants.

### SIXTH SEPARATE DEFENSE

Defendants claim all defenses available to them under the provisions of 21 Del.C. §2118, Delaware's Financial Responsibility Law or other applicable No-Fault statute.

### SEVENTH SEPARATE DEFENSE

Upon information and belief, the injuries and/or damages complained of by plaintiff pre-existed or were sustained after the accident which is the subject matter of the Complaint.

### EIGHTH SEPARATE DEFENSE

Service of Process was improper and/or insufficient.

### NINTH SEPARATE DEFENSE

This Honorable Court lacks personal jurisdiction over defendants.

### TENTH SEPARATE DEFENSE

Plaintiff failed to mitigate his damages.

### ELEVENTH SEPARATE DEFENSE

Any alleged occurrence complained of by plaintiff, said occurrence being specifically denied by defendants, was the result of an unavoidable accident or sudden emergency.

### TWELFTH SEPARATE DEFENSE

Plaintiffs' claims are barred or limited by application of release, collateral estoppel or res judicata.

2236363-1

## THIRTEENTH SEPARATE DEFENSE

Plaintiffs' claims are barred in whole or in part by 49 U.S.C. §30106.

WHEREFORE, defendants, Alin Augustin Masca and Mahai Doru Pop, demand that the Complaint be dismissed, and that judgment be rendered in their favor and against plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

RAWLE & HENDERSON LLP

BY: _____
Delia A. Clark (3337)
300 Delaware Ave. – Suite 1015
Wilmington, DE 19801
(302)778-1200
Attorneys for Defendants

2236363-1

## CERTIFICATE OF SERVICE

    I, Delia Clark, certify that a true and correct copy of Defendants Answer to Plaintiff's Complaint was served electronically and via first class mail on the persons listed below:

Martin A. Schagrin
Berkowitz & Schagrin
1228 Market Street
PO Box 1632
Wilmington, DE  19899-1632

                RAWLE & HENDERSON LLP

                _____
                Delia A. Clark

Dated: January 3, 2008